

Connell Foley LLP
875 Third Avenue
21st Floor
New York, NY 10022
P 212.307.3700   F 212.542.3790

**Eric Weissman**
Partner
Direct Dial 212.542.3779
EWeissman@connellfoley.com

September 20, 2023

**VIA ELECTRONIC FILING**

The Honorable Rachel P. Kovner
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Manfredo Bladimir Polanco v. Regina Caterers, Inc., and Fozan Pirzada*
           Case No.: 23-cv-04329-RPK-RML

Dear Judge Kovner:

This firm represents Defendants Regina Caterers, Inc. ("Regina"), and Fozan Pirzada (collectively, the "Defendants"). Pursuant to Section IV(A)(1) of Your Honor's Individual Rules of Practice in Civil Cases, the Defendants write to request a pre-motion conference to file a Motion to Dismiss per F.R.C.P. 12(b)(1) and 12(b)(6).

### I.    Legal Standards

A district court properly dismisses an action under Rule 12(b)(1) for lack of subject matter jurisdiction "if the court lacks the statutory or constitutional power to adjudicate it, such as when . . . the plaintiff lacks constitutional standing to bring the action." *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.a.r.l*, 790 F.3d 411, 416-17 (2d Cir. 2015). To satisfy the "irreducible constitutional minimum of standing," a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The burden is on "those who invoke the power of a federal court to demonstrate standing." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013).

Under Rule 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012). The Court is not required, however, to credit "mere conclusory statements" or "[t]hreadbare recitals of the

elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## II.   Summary of Factual Background

On June 13, 2023, Manfredo Bladimir Polanco ("Plaintiff") filed a collective action complaint (the "Complaint") in an action styled *Polanco v. Regina Caterers, Inc., and Fozan Pirzada*, in the United States District Court for the Eastern District of New York, bearing Case No.: 23-cv-04329-RPK-RML (the "Lawsuit").

According to the Complaint (ECF No. 1), Polanco was employed by Regina from in or around June 2010 until in or around December 2020 as a food preparer, cook, and cleaner.  (*Id*. at ¶¶ 8, 19, 20.)  Plaintiff alleges that he regularly worked six (6) to seven (7) days per week, with shifts beginning at approximately 4:00 a.m. each workday and regularly ending at approximately 7:00 p.m. or later.  In addition, Plaintiff alleges that he was paid a "flat weekly rate" during his employment at Regina.  Consequently, the Plaintiff alleges that the Defendants violated the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages, and New York Labor Law ("NYLL") for failure to pay overtime wages, failure to pay spread of hour compensation, violation of the notice and recordkeeping requirements, and violation of the wage statement requirements.

## III.   Plaintiff's FLSA Claim is Time-Barred

According to the Complaint, Plaintiff ceased working for the Defendants in December 2020, but the Lawsuit was not filed until June 13, 2023.  Plaintiff's FLSA claim is therefore barred by a two-year statute of limitations.

Generally, the "lapse of a limitations period is an affirmative defense that a defendant must plead and prove." *Staehr v. Hartford Fin. Servs. Grp., Inc*., 547 F.3d 406, 425 (2d Cir. 2008).  However, a defendant "may raise an affirmative defense in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Fisher v. Hudson Hall LLC*, 2023 U.S. Dist. LEXIS 147803, at *4 (S.D.N.Y. 2023).  A district court may therefore "dismiss a claim on statute-of-limitations grounds at the pleadings stage if the complaint clearly shows the claim is out of time." *Whiteside v. Hover-Davis, Inc*., 995 F.3d 315, 319 (2d Cir. 2021).

The statute of limitations under the FLSA is two years for non-willful violations and three years for willful violations.  *See* 29 U.S.C. § 255(a).  Importantly, "[a] plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Whiteside*, 995 F.3d at 320. "[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless

disregard for the matter of whether its conduct was prohibited by the statute." *Parada v. Banco Indus. De Venez.*, 753 F.3d 62, 71 (2d Cir. 2014). "[M]ere negligence on the part of an employer is not enough to establish willfulness." *Malcolm v. City of N.Y.*, 2023 U.S. Dist. LEXIS 113634, at *8 (S.D.N.Y. 2023).

Plaintiff does not plausibly allege that Defendants willfully violated the FLSA. While the Plaintiff uses the word "willful" seven (7) times in the Complaint, Plaintiff wholly fails to "allege facts . . . that give rise to a plausible inference that a defendant willfully violated the FLSA." Instead, Plaintiff relies on conclusory allegations of "willfulness". (*See* ¶¶ 27, 28, 29, 30, 33, 48, 56.) Such allegations are insufficient under prevailing law. *See Malcolm v. City of N.Y.*, 2023 U.S. Dist. LEXIS 113634, at *8 (Plaintiff asserted allegations in the Amended Complaint that he had made complaints to the employer about violations of the FLSA, the employer was aware of its obligations under the FLSA and the employer failed to comply.); *Ramos v. Guaba Deli Grocery Corp.*, 2021 U.S. Dist. LEXIS 227984, at *19 (S.D.N.Y. 2021) (same). In this case, Plaintiff wholly fails to include any allegations even remotely similar to those asserted in the aforementioned lawsuits. Because Plaintiff has failed to adequately allege willfulness, the two-year statute of limitations applies. The FLSA claim is therefore time-barred and the First Cause of Action must be dismissed.

### IV. The Court Should Decline to Exercise Supplemental Jurisdiction Over Plaintiff's State Law Claims

Plaintiff also alleges violations of the NYLL. (*See* Complaint at ¶¶ 51-63). Because, for the reasons above, Plaintiff's sole federal law claim should be dismissed, the Court should decline to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Whiteside*, 995 F.3d at 325 (district court properly declined to exercise supplemental jurisdiction over state law claims when FLSA claims were dismissed on statute of limitations grounds); *Fisher*, 2023 U.S. Dist. LEXIS 147803, at *9 (same). As such, The Second, Third, Fourth and Fifth Causes of Action should be dismissed, which results in the Lawsuit being dismissed.

### V. Plaintiff's Lack Standing

Finally, any claims for alleged violations of the recordkeeping provisions of the NYLL must be dismissed, as Plaintiff does not have standing to assert such claims in federal court. *See, e.g., Garrido v. House of Salads One LLC*, 2022 U.S. Dist. LEXIS 58496, at *18 (E.D.N.Y. 2022).

In *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021), the United States Supreme Court held that an, "asserted informational injury that causes no adverse effects does not satisfy Article III" and reaffirmed the long-standing principle that standing under Article III of the U.S. Constitution requires a concrete injury in-fact. *Id*. at 2198. Since the *TransUnio*n decision, numerous courts in this district have held that

The Honorable Rachel P. Kovner
September 20, 2023
Page 4

claims for violations of NYLL § 195(1) and (3) do not confer standing under Article III and must be dismissed. *See Quieju v. La Jugueria Inc.*, 2023 U.S. Dist. LEXIS 72050, at *1 (E.D.N.Y. 2023); *Francisco v. NY Tex Care, Inc.*, 2022 WL 900603, at *1 (E.D.N.Y. 2022); *Wang v. XBB, Inc.*, 2022 WL 912592, at *13 (E.D.N.Y. 2022).  Because there is no evidence that any alleged recordkeeping violations resulted in a concrete injury to Plaintiff, these claims would be dismissed by the court for lack of standing.

\*     \*     \*     \*

Consequently, Defendants request a pre-motion conference to make a Rule 12 Motion to Dismiss.

Respectfully,

Eric Weissman

cc:   All Counsel of Record (via ECF)