UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

MANFREDO BLADIMIR POLANCO,
individually and on behalf of others similarly
situated,

                      Plaintiff,

       v.

REGINA CATERERS, INC., and FOZAN
PIRZADA as an individual,

                      Defendants.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**
1:23-CV-4329 (RPK) (RML)

RACHEL P. KOVNER, United States District Judge:

       Plaintiff filed this action against Regina Caterers, Inc., and Fozan Pirzada, the company's owner, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206 *et seq.*, and the New York Labor Law ("NYLL"), N.Y. Lab. L. § 650 *et seq.*  Defendants have moved to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) respectively.  As explained below, plaintiff's federal claim is dismissed because plaintiff has failed to plead a violation within the applicable statute of limitations.  I decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

## BACKGROUND

       The following facts are taken from the amended complaint and assumed true for the purposes of this order.

       Plaintiff worked for Regina Caterers for roughly ten years—from 2010 until around December 2020.  Am. Compl. ¶ 19 (Dkt. #15).  His primary duties included food preparation,

cooking, cleaning, and "other miscellaneous duties." *Id.* ¶ 20.

Fozan Pirzada owns and operates Regina Caterers, maintains employment records on behalf of Regina Caterers, and has the power to hire and fire employees. *Id.* ¶¶ 11, 15. Pirzada hired plaintiff in 2010 and he controlled the terms of plaintiff's employment, including plaintiff's wages and schedule. *Id.* ¶¶ 15, 19.

From roughly June 2017 through December 2020, plaintiff worked approximately ninety hours per week for defendants. *Id.* ¶ 25. But defendants "did not pay [him] time and a half (1.5) for hours worked over forty (40)." *Ibid.* Nor did defendants pay him an extra hour at minimum wage for each day in which he worked more than ten hours. *Id.* ¶ 26. Defendants also "failed to post notices of the minimum wage and overtime wage requirements," *id.* ¶ 27, "failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week," *id.* ¶ 29, "failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment," *id.* ¶ 28, and failed to keep "accurate and contemporaneous records" of the hours that plaintiff worked, *id.* ¶¶ 31–32.

On June 13, 2023, plaintiff filed this lawsuit bringing claims under the FLSA and the NYLL. *See id.* ¶¶ 49–68. The complaint alleges that defendants willfully failed to pay him overtime wages in violation of the FLSA and the NYLL. *Id.* ¶¶ 49–55. Plaintiff also alleges that defendants failed to pay him an additional hour of pay at minimum wage for each day in which plaintiff worked more than ten hours as required by the spread of hours provision of the NYLL. *Id.* ¶¶ 56–62. Finally, plaintiff alleges that defendants failed to provide him with proper wage notices or statements in violation of the NYLL. *Id.* ¶¶ 63–68.

Defendants move to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See generally*

Mem. of L. in Supp. Defs.' Mot. to Dismiss ("Mot. to Dismiss") (Dkt. #17).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) permits a defendant to move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When considering a motion to dismiss under Rule 12(b)(1), a court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (discussing Fed. R. Civ. P. 8). The facial "plausibility standard is not akin to a probability requirement," but it requires a plaintiff to allege sufficient facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* (quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556–57 (2007)). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotation marks omitted).

In reviewing a motion to dismiss, a court may consider only (i) the complaint itself, (ii)

documents attached to the complaint or incorporated by reference, (iii) documents the plaintiff both relied on and knew of when bringing suit, and (iv) matters in the public record which are properly subject to judicial notice. *See, e.g.*, *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004); *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999). On a motion to dismiss, the court must accept all facts alleged in a complaint as true. *Iqbal*, 556 U.S. at 678. The court, however, is not obligated to adopt "mere conclusory statements" or "threadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Id*. at 678–79.

## DISCUSSION

Defendants' motion to dismiss is granted. Plaintiff's FLSA claim is time-barred, and I decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

### I. Plaintiff's FLSA Claim Is Time-Barred

Plaintiff's FLSA overtime claim is dismissed as time-barred. Under the FLSA, the statute of limitations is two years, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). An employer "willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp*., 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co*., 486 U.S. 128, 133 (1988)). "[T]o secure the benefit of the three-year exception" to the ordinary two-year FLSA statute of limitations "at the pleading stage," a plaintiff must "plead facts that give rise to an inference of willfulness." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021).

Plaintiff has not pleaded sufficient facts to support that inference. Plaintiff describes defendants' conduct as "willful[]," Am. Compl. ¶¶ 27, 30–32, 43, and asserts that defendants "had

4

knowledge that Plaintiff[] . . . performed work requiring overtime pay," *id.* ¶ 42. But these conclusory assertions are inadequate to support an inference of willfulness. *See Whiteside*, 995 F.3d at 321 ("An averment of 'willfulness' is . . . *precisely* the sort of legal conclusion that *Twombly* and *Iqbal* counsel must be supported by factual allegations at the pleadings stage."). Without "some further factual enhancement," *Twombly*, 550 U.S. at 557, plaintiff's allegations of knowledge and bad faith fall short of demonstrating that defendants acted in a "manner suggesting an awareness that their actions violated or could violate" the FLSA, *Whiteside*, 995 F.3d at 324.

Plaintiff does allege some "factual enhancement," but it misses the mark. He alleges that "Defendants were aware that they were not properly compensating Plaintiff as evidenced by other lawsuits brought against them": *Segarra v. Regina Caterers, Inc.*, No. 1:21-cv-03649 (BMC) (E.D.N.Y. filed June 30, 2021), and *Abreu v. Regina Caterers, Inc.*, No. 521071/2023 (N.Y. Sup. Ct. filed July 26, 2023). Am. Compl. ¶¶ 33–34. But both those lawsuits were filed after plaintiff stopped working for defendants in December 2020. As a result, even if plaintiff is correct that those lawsuits put defendants on notice that they were violating wage-and-hour laws, *see* Mem. of L. in Opp. Def.'s Mot. to Dismiss 10 (Dkt. #18), they do not support a finding that defendants were on notice during plaintiff's employment—before those lawsuits had been filed.

Without the extended three-year statute of limitations for willful violations, plaintiff's claim is time-barred. Plaintiff last worked for defendants two-and-a-half years before he filed his initial complaint. *See* Am. Compl. ¶¶ 8, 18; Mot. to Dismiss 8. Accordingly, plaintiff's claim that he was not properly paid during his employment falls outside the FLSA's ordinary two-year statute of limitations.

**II.    Supplemental Jurisdiction Over NYLL Claims**

In the absence of a viable federal claim, I decline to exercise supplemental jurisdiction over

plaintiff's state-law claims.  Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity."  *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018).  As a general matter, where "a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well."  *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (citation and quotation marks omitted); *see Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 727 (2d Cir. 2013).  Because this action has not passed beyond the pleading stage, and it would be at least as convenience and fair for the parties to litigate plaintiff's state-law claims in state court, judicial economy does not favor federal adjudication of the related state-law claims on the merits.

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is granted.  Plaintiff's FLSA claim is dismissed with prejudice because plaintiff has already amended his complaint to address defendants' contention that the complaint is time-barred because plaintiff failed to adequately plead willfulness.  Plaintiff's state-law claims are dismissed without prejudice so that plaintiff may pursue those claims in state court.

The Clerk of Court is respectfully directed to enter judgment and close the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: July 27, 2024
      Brooklyn, New York

6